UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                     :

SUNEET SINGAL,                                      :

                                                     :        Civ No.: 1:18-Civ-09813-GHW

                              Plaintiff,            :

    -against-                                   :

FC GLOBAL REALTY INC.                 :
a Nevada Corporation, and BROADRIDGE
CORPORATE ISSUER SOLUTIONS INC.,  :
a Pennsylvania Corporation,
                         Defendants,    :

-------------------------------------------------------------x


# DEFENDANTS FC GLOBAL REALTY, INC. AND BROADRIDGE CORPORATE ISSUER SOLUTIONS, INC. MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS


**CARMEL, MILAZZO & DICHIARA, LLP**

55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458

*Attorneys for Defendants*

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ................................................................................................... ii

Preliminary Statement ………………………………………………………………… 1

Statement of Facts..........................................................................................................2

Procedural History ........................................................................................................3

Argument…… ...............................................................................................................3

    I.    Standard on a Motion to Dismiss..........................................................................3

    II.    The Court Should Dismiss Plaintiff's Cause of Action for Breach of Contract..............................................................................................................4

    III.    The Court Should Dismiss Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing................................................................5

    IV.    The Court Should Dismiss the Claim for Violation of UCC § 8-401.......................7

Conclusion      ...................................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**

*Alter v. Bogoricin*,
1997 WL 691332 at *7, *modified on other grounds on reconsideration,* 1996 WL 735508
(Dec. 20, 1996) ….....……..………………………………………………………..….…… 6

*ARI and Co., Inc. v. Regent Intern. Corp.*,
273 F.Supp.2d 518, 522 (S.D.N.Y. 2003) ……………………………………………...….. 6

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) ……………………………………………………………..……. 4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007) ……………………………………………………..……. 3, 4, 8

*Chambers v. Time Warner, Inc.*,
282 F.3d 147, 152, (2d. Cir. 2002) ...……………………………………………..…….. 3

*Cole v. Macklowe*,
99 A.D.3d 595, 595, 953 N.Y.S.2d 21, 22 (1st Dep't 2012) ……………….....………..…… 6

*Goodstein Constr. Corp. v. City of New York*,
80 N.Y.2d 366, 373, 590 N.Y.S.2d 425, 604 N.E.2d 1356 (1992) …………………..…….. 6-7

*Dewitt v. American Stock Transfer Co.*,
433 F.Supp. 994 (S.D.N.Y. 1977) ……………………………………………...…………….. 9

*Duration Mun. Fund, L.P. v. J.P. Morgan Securities, Inc.*,
77 A.D.3d 474, 475, 908 N.Y.S. 2d 684, 685 (1st Dept. 2010) ……..…………….…………….. 5

*Gregory v. Daly*,
243 F.3d 687, 691 (2d. Cir. 2001) ……………………..……………………………………… 3

*Harris v. Mills*,
572 F.3d 66, 72 (2nd Cir. 2009) ……………………………………………………………… 4, 9

*Harris v. Provident Life & Accident Ins. Co.*,
310 F.3d 73, 80 (2d Cir. 2002) ……………………………………………………..…....….. 5

*Harris v. Seward Park Housing Corp.*,
79 A.D.3d 425, 426, 913 N.Y.S.2d 161, 162 (1st Dept 2010) ………….…………………….. 4

*Hawthorne Grp. V. RRE Ventures*,
7 A.D.3d 320, 323, 776 N.Y.S.2d 273, 276 (N.Y.App.Div.2004) …………..………………….. 6

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
244 F.R.D. 204, 213 (S.D.N.Y. 2007) …………....………………………………………………. 4

*OHM Remediation Servs. Corp. v. Hughes Environmental Systems, Inc.*,
952 F.Supp. 120, 124 (S.D.N.Y. 199_) ……………….…..………………………………… 5-6

*Schonfeld v. Wells Fargo Bank, N.A. for Aegis Asset Backed Sec. Tr. Mortg. Pass-Through Certificates, Series 2004-3*,
No. 115CV01425MADCFH, 2017 WL 4326057, at *5 (N.D.N.Y. Sept. 27, 2017) ..…..………. 5

*Taussig v. Clipper Group, L.P.*,
13 A.D.3d 166, 787 N.Y.S.2d 10, 11 (1st Dep't 2004) ...…………..………………………….. 4

*Travis Investment Co. v. Harwyn Pub. Corp.*, 288 F.Supp. 519 (S.D.N.Y. 1968) ………....……. 9

*W.S.A., Inc. v. ACA Corp.*,
Nos. 94–1868, 94–1493, 1996 WL 551599, at *9 (S.D.N.Y. Sept. 27, 1996) ………………….. 6

## **Statutes**

28 U.SC. § 1332 ……………………………………………………………………………………. 3

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………………..… 1, 3, 4

UCC § 8-401 ……………………………………………………………………....….… 1, 2, 3, 7, 8, 9, 10

UCC § 8-401(a)(1) ……………………………………………………………………..………… 8, 9

Defendants FC Global Realty Inc. ("FC Global") and Broadridge Corporate Issuer Solutions Inc. ("Broadridge") (collectively referred to herein as the "Defendants"), by and through their attorneys, Carmel, Milazzo & DiChiara, LLP, respectfully submits this Memorandum of Law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint filed herein by Plaintiff Suneet Singal ("Plaintiff" or "Singal").

## PRELIMINARY STATEMENT

Plaintiff has brought the instant action seeking relief under a Separation Agreement (the "Agreement") allegedly entered into between the parties with which FC Global is in full compliance. In fact, the circumstances surrounding the breaches as alleged by Plaintiff were set into action when Plaintiff attempted to unilaterally accelerate a certain vesting schedule set forth in the Agreement with respect to shares of FC Global stock without any entitlement or lawful basis for doing so.

The allegations of the Complaint (the "Complaint"), if accepted as true to the extent required and permissible, would establish only that FC Global is in compliance with its obligations under the Agreement and that the breaches alleged are nothing more than Defendants' refusal to acquiesce to Plaintiff's demand, which lacked any contractual or other authority, to Plaintiff's demand that a certificate for the all 1,000,000 shares of FC Global stock despite the fact that they had not vested. Thus the purported breach is no such thing, and no allegations are made as to any actual breach of the Agreement by Defendants. Therefore, and as briefed below, the breach of contract claim must necessarily be dismissed.

For the same reasons, Plaintiff's claim for violation of UCC § 8-401, against Broadridge fails as a matter law. Indeed, as discussed more fully below, Plaintiff had no legal right to demand

a certificate for the 1,000,000 shares of FC Global stock because Plaintiff's right to same did not vest. As a result, Plaintiff's claim under UCC 8-401 should be dismissed.

Finally, Plaintiff has failed to plead the existence of any legally recognized breach of the covenant of good faith and fair dealing. Plaintiff meagerly alleged that FC Global sought to re-negotiate the Agreement. However, the implied covenant of good faith and fair dealing does not restrict a party from seeking to renegotiate a contract. Ultimately though, this claim seeks damages which are identical to those sought under a breach of contract theory and as such this claim, fails to state a claim separate and apart from the breach of contract action.

## STATEMENT OF FACTS

In the Complaint, Plaintiff alleges that the parties executed the Agreement on December 22, 2017. (*See*, DKT#1 Ex. 3 at ¶16.) Pursuant to the Agreement, which was attached to the Complaint and, therefore, the contents of which are incorporated into the Complaint, FC Global allegedly agreed to issue Singal 1,000,000 shares of its common stock, one third of which were to vest on the execution of the Agreement on December 22, 2017, one-third of which were to best on the anniversary of the execution on December 22, 2018, and the final third of which were to vest on the next anniversary of December 22, 2019. (*See*, *Id*. at ¶5.) In his Complaint, Singal acknowledges that FC Global issued the 1,000,000 shares of its common stock as was its sole obligation under the Agreement. (*See*, *Id*. at ¶40.)

However, despite having no immediate entitlement to all 1,000,000 shares, Singal alleges that on or about May 1, 2018, after only one-third of the shares had vested, he demanded of Broadridge that all 1,000,000 be transferred to him and converted to certificate form in his favor. (*See*, *Id*. at ¶42.) This request was not processed, due in part to the fact that Singal had no

entitlement to the full 1,000,000 shares in certificate form. It is this refusal to certificate all 1,000,000 which Singal claims to be a breach of the Agreement.

Based upon the foregoing, Plaintiff asserts claims for breach of contract and breach of the covenant of good faith and fair dealing against FC Global, and asserts a claim for a violation of UCC § 8-401 against Broadridge.

## PROCEDURAL HISTORY

On September 21, 2018, Plaintiff commenced this action in the Supreme Court of the State of New York, New York County. Defendants removed this action to this Court on October 24, 2018 on the basis of diversity jurisdiction under 28 U.SC. § 1332.

## ARGUMENT

### POINT I

### STANDARD ON A MOTION TO DISMISS

In determining a motion under F.R.C.P. 12(b)(6), the Court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152, (2d. Cir. 2002) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d. Cir. 2001). In making its determination , the Court must construe the pleading liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152 (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d. Cir. 2001).

A complaint should be dismissed, however, where the allegations contained therein are insufficient to state a claim for the relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while the Court must accept the material facts contained in the complaint as true, this is not true of legal conclusions, and the Court need not accept mere

recitals of the elements of a cause of action, supported only by conclusory statements, these do not suffice. *Harris v. Mills*, 572 F.3d 66, 72 (2nd Cir. 2009); *Twombly*, 550 U.S. at 555 (Plaintiff is required to plead more than mere labels and conclusions with respect to the elements of a cause of action.)  Further "[a]t the motion to dismiss stage, where a plaintiff's 'factual allegations or legal conclusions are flatly contradicted by documentary evidence, they are not presumed to be true, or even accorded favorable inference[,]' in the context of a breach of contract action." *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204, 213 (S.D.N.Y. 2007); *quoting*, *Taussig v. Clipper Group, L.P.*, 13 A.D.3d 166, 787 N.Y.S.2d 10, 11 (1st Dep't 2004).  To survive a motion to dismiss, a claim must have "facial plausibility," which means that the plaintiff alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "does not impose a probability requirement," but merely requires the plaintiff to allege enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56.

As discussed below, the Complaint fails to state claims fail which are plausible on its face, and therefore, the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**POINT II**

**THE COURT SHOULD DISMISS PLAINTIFF'S
CAUSE OF ACTION FOR BREACH OF CONTRACT**

In order to state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) the plaintiff's performance of his obligations, (3) the defendant's breach of the contract, and (4) resulting damages. *Harris v. Seward Park Housing Corp.*, 79 A.D.3d 425, 426, 913 N.Y.S.2d 161, 162 (1st Dept 2010).  As shown below, Plaintiff has failed to adequately allege, and cannot allege, a breach of the Agreement by FC Global.

Here, Singal has failed to plead any actionable breach of the Agreement by FC Global. Paragraph 5 of the Agreement sets forth the obligations of FC Global, which are stated conclusively and with certainty. Specifically, FC Global's sole obligation was to issue 1,000,000 shares to Singal (*Id*. Exh. A at ¶5) which obligation was admittedly performed by FC Global (*Id*. at ¶40.) Therefore, since FC Global performed its obligation under the Agreement to issue the shares – the sole obligation that FC is alleged to have breached – there can be no claim for breach of contract.

## POINT III

### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff also has failed to state any legally cognizable claim against FC Global for breach of an implied covenant of good faith and fair dealing in the Agreement. In order to state a claim for breach of the implied covenant of good faith and fair dealing, a party must plead (1) such a duty was owed, (2) that the duty was breached, and (3) that the breach proximately caused damages to Plaintiff. *Schonfeld v. Wells Fargo Bank, N.A. for Aegis Asset Backed Sec. Tr. Mortg. Pass-Through Certificates, Series 2004-3*, No. 115CV01425MADCFH, 2017 WL 4326057, at *5 (N.D.N.Y. Sept. 27, 2017). In addition to these elements, courts have also required a showing of bad faith. *Duration Mun. Fund, L.P. v. J.P. Morgan Securities, Inc.*, 77 A.D.3d 474, 475, 908 N.Y.S. 2d 684, 685 (1st Dept. 2010). "This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002).

Further, as a general rule, the cause of action for breach of implied covenant of good faith and fair dealing is duplicative of that for breach of contract. *OHM Remediation Servs. Corp. v.*

*Hughes Environmental Systems, Inc.*, 952 F.Supp. 120, 124 (S.D.N.Y. 1997).  Indeed, "where the relief sought by the plaintiff in claiming a breach of the implied covenant of good faith is intrinsically tied to the damages allegedly resulting from the breach of contract there is no separate and distinct wrong that would give rise to an independent claim." *ARI and Co., Inc. v. Regent Intern. Corp.*, 273 F.Supp.2d 518, 522 (S.D.N.Y. 2003).  Therefore, as this Court has observed, "every court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative." *Alter v. Bogoricin*, 1997 WL 691332 at *7; *citing*, *W.S.A., Inc. v. ACA Corp.,* Nos. 94–1868, 94–1493, 1996 WL 551599, at *9 (S.D.N.Y. Sept. 27, 1996), *modified on other grounds on reconsideration,* 1996 WL 735508 (Dec. 20, 1996).

Consistent with the above, the Complaint fails to state a cognizable claim for breach of the covenant of good faith separate and apart from the breach of contract claim.  First, this claim is duplicative of the breach of contract claim in that it's "intrinsically tied to the damages allegedly resulting from a breach of the contract." *Hawthorne Grp. V. RRE Ventures*, 7 A.D.3d 320, 323, 776 N.Y.S.2d 273, 276 (N.Y.App.Div.2004).  As stated in *Bogoricin*, *every* court faced with a complaint alleging both breach of contract and breach of this implied covenant has dismissed the implied covenant claim.  Here, the damages Plaintiff seeks through its claim for breach of the implied covenant are the same as those sought in the breach of contract claim.  He alleges that "FCG's breach caused damages to Singal as he did not receive the benefit of the bargain and suffered damages to be proven at trial." (*See*, DKT#1, Ex. 1 at ¶117.)  These are breach of contract damages.  *Cole v. Macklowe*, 99 A.D.3d 595, 595, 953 N.Y.S.2d 21, 22 (1st Dep't 2012) (internal quotations omitted) ("contract damages are ordinarily intended to give the injured party the benefit of the bargain."); *Goodstein Constr. Corp. v. City of New York*, 80 N.Y.2d 366, 373, 590 N.Y.S.2d

425, 604 N.E.2d 1356 (1992).  By pleading his alleged damages for this claim in words identical to those used by the New York Courts in describing the damages intended for breach of contract claims, there is no leap or inference which needs to be made.  The damages sought are breach of contract damages, and therefore the claim is duplicative of the first cause of action, and must be dismissed.

Moreover, Singal does not allege any legally recognized duty and breach under such a covenant.  He alleges at paragraph 112 of the Complaint that FC Global tried to add terms to the Agreement, however alleges no such terms.  This bare bones allegation, while not even amounting to a breach, is insufficient to establish the element.  The only other alleged breach is an attempt to renegotiate the Agreement, but renegotiation is ubiquitous in the commercial setting and deeming this a breach would be poor precedent and contrary to public policy.  Therefore it cannot be fairly said to be a breach of the implied covenant of good faith and fair dealing to attempt to renegotiate a contract.

Therefore, for the foregoing reasons, the claim for breach of implied covenant of good faith and fair dealing must be dismissed.

## POINT IV

### THE COURT SHOULD DISMISS THE CLAIM FOR VIOLATION OF UCC § 8-401

Plaintiff has failed to plead entitlement to the issuance of a certificate for all 1,000,000 shares of FC Global as he demanded from Broadridge.  Therefore, he cannot establish a claim against Broadridge for a violation of UCC § 8-401.

Specifically, UCC § 8-401 does provide for a duty of an issuer to process certain transfers or instructions presented to it.  However, the statute does not require an issuer to process requests unconditionally, and imposes the requirement that the transfer be registered only if "under the

terms of the security the person seeking registration of transfer is eligible to have the security registered in its name." UCC § 8-401(a)(1).  It is this very first required condition which Singal fails to establish, and as such no requirement or liability under this statute may be imposed upon Broadridge.

Here, Singal demanded that Broadridge provide a certificate for all 1,000,000 shares of FC Global stock, despite the fact that two-thirds of these shares did not vest.  As a result, Singal's claim under UCC § 8-401 is without any basis in law or fact.

Indeed, the very first requirement of the cited code requires that the shares should only be transferred if "under the terms of the security the person seeking registration of transfer is eligible to have the security registered in its name." UCC § 8-401(a)(1).  In this case, Singal admits and even pleads that the two-thirds of the 1,000,000 Shares he requested be transferred had not vested yet, that he had no right to or ownership of them.  The Agreement is no less explicit on this point.  As of the date of the purported letter, in fact both letters, demanding the contested transfer, Singal simply did not have eligibility to have 1,000,000 Shares registered in his name, as he requested.  As such he has no statutory entitlement to relief.

Singal can make no argument to the fact that he was not entitled to the certification of all 1,000,000 shares.  He has only made a bare allegations of his entitlement by broadly alleging, in conclusory fashion, that he "has complied with all necessary conditions outlined in Section 8-401. (*See*, DKT#1 Ex. 1, at ¶123.)  Therefore, in the very first instance, his pleading is insufficient under the *Twombly* standard requiring a Plaintiff to plead more than mere labels and conclusions with respect to the material elements of its claim. *Twombly*, 550 U.S. at 555.  And as stated above, pleadings which are flatly contradicted by documentary evidence are not countenanced.  In this case, the Agreement contradicts this allegation as it clearly sets forth a vesting schedule, which

Singal admits to. The vesting schedule provides that as of the date Singal demanded transfer of 1,000,000 shares, he was only arguably entitled to only 333,333. Therefore, he did not have any entitlement to have such a request processed, and he fails the statutory requirement for this claim.

Consistent with the above, Singal has failed to allege facts sufficient to establish his claim under UCC § 8-401. Nowhere in his Complaint does Singal, or may he, state any eligibility to the transfer of 1,000,000, as required under UCC § 8-401(a)(1). While he does state at paragraph 123 of his Complaint that "Singal has complied with all necessary conditions outlined in Section 8-401," he does not actually make any factual allegations setting forth his statutory entitlement through his satisfaction of the requirements stated in section 8-401. This is the exact type of pleading by conclusion which was found insufficient and grounds for dismissal by the *Mills* Court, and perhaps even further from sufficient as Singal has simply *referred* to a list of elemental requirements and conclusorily stated his compliance therewith. Indeed, this conclusory elemental pleading has been held to be insufficient and as such Singal has failed to adequately plead entitlement to maintain a suit under this section. Further, Singal *cannot* make any pleading to satisfy these elements in that he fails the very first requirement as he was not eligible for the requested transfer of 1,000,000 Shares as the same had not vested at the time the request was made.

Aside from Plaintiff's failure to meet the statutory requirement for the transfer of these 1,000,000 Shares, case law provides that refusal to transfer shares is not wrongful if there are reasonable grounds for a failure to act. *Dewitt v. American Stock Transfer Co.*, 433 F.Supp. 994 (S.D.N.Y. 1977); *Travis Investment Co. v. Harwyn Pub. Corp.*, 288 F.Supp. 519 (S.D.N.Y. 1968). Here there were clearly reasonable grounds for not effecting the transfer as Singal had no right to the 1,000,000 Shares he requested. As such, the refusal was not wrongful.

Therefore, since Singal failed to allege entitlement to 1,000,000 shares as he demanded, the statutory requirements of his claim for violation of UCC § 8-401 have not been met, and since the shares in question were not certificated in registered form as contemplated by the statute, the claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's causes of action must be dismissed.

Dated: New York, New York
December 3, 2018

CARMEL, MILAZZO & DiCHIARA LLP

By: ___/s/_____
Christopher P. Milazzo, Esq.
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458

*Attorneys for Defendants*